# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:12cv21

| | |
|---|---|
| PATRICK O. CHRISTIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| J. TOWNSEND, *et al.*, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit. The court has carefully considered plaintiff's affidavit which shows no income. As it does not appear that he has funds with which to pay the required filing fee at this time, plaintiff's Application will be granted, but process will not issue for the following reasons.

Having allowed plaintiff to proceed *in forma pauperis*, the court has conducted a review of the Complaint in accordance with 28, United States Code, Section 1915(e)(2). First, review of the court's docket reveals that plaintiff has filed two similar lawsuits within the last two years naming many of the same defendants. See 3:10cv302-FDW; 3:11cv140. In each of those cases, the reviewing court found the underlying complaints to be frivolous. In the 2010 action, the district court discussed at length plaintiff's allegations and found such to be frivolous. In the 2011 action, the district court found that because complaint in that earlier action contained roughly the same allegations and named the same four defendants

along with one other defendant, that review of that complaint was barred by the doctrine of *res judicata*. Review of the Complaint in this matter reveals that it too is barred by the doctrine of res judicata as plaintiff has again named a number of the earlier named defendants as well as additional defendants based on perceived wrongs purportedly occurring at a Veterans Administration hospital and a United States Post Office. Not only are such additional claims clearly frivolous substantively, plaintiff has failed to allege exhaustion of federal administrative remedies as to those federal agencies.

The doctrine of *res judicata* prevents a party from bringing an action where such action "has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." Ohio Valley Envtl. Coalition v. Aracoma Coal Co., 556 F.3d 177, 201 (4th Cir. 2009) (citation omitted). The bar is applicable where there is (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both [proceedings]; and (3) an identity of the parties or their privies in the two suits. Grausz v. Englander, 321 F.3d 467, 472 (4th Cir. 2003). "The test for deciding whether causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) (quoting Pittson Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999)). Furthermore, "the preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for . . . it prevents litigation of all grounds for, or defenses to, recovery

that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Meekins v. United Transp. Union, 946 F.2d 1054,1057 (4th Cir. 1991)(citing Peugeot Motors of America, Inc. v. Eastern Auto Distrib., Inc., 892 F.2d 355, 359 (4th Cir. 1989)).

At this point, plaintiff has previously filed two nearly identical civil actions in this district. The court dismissed the first case as frivolous and, based on the doctrine of res judicata, dismissed the second case as frivolous, all pursuant to 28 U.S.C. § 1915(e). In turn, the Court of Appeals for the Fourth Circuit Court also dismissed plaintiff's appeals as frivolous. Plaintiff reasserts much of the earlier Complaint. He contends both the district court and the appellate court got the frivolity determination wrong. Plaintiff also cites this court to his earlier complaints and appeals in the text of his new Complaint, stating that "I feel the judges are being influenced outside the court . . ." in reference to both the decisions of this court and the appellate court. Complaint, at ¶ 9. This court is not a proper forum for plaintiff to appeal a determination of the Court of Appeals for the Fourth Circuit.

In sum, the instant Complaint in large part fails to survive frivolity review under § 1915(e) insofar as it is precluded by *res judicata*. As to the remainder of the Complaint that involves new claims and/or new defendants, it further appears that those claims are also frivolous as the court cannot find that plaintiff has stated a claim upon which relief may be conceivably granted. While the court recognizes that a *pro se* complaint must be read liberally, Erickson v. Pardus, 551 U.S. 89 (2007), even a liberal reading of the new allegations of the Complaint could not support a finding that plaintiff has stated a claim upon

which relief may be granted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (#2) is **GRANTED,** and plaintiff is allowed to proceed without prepayment of a filing fee or giving security therefore. Process shall not issue.

**IT IS FURTHER ORDERED** that plaintiff's Complaint is **DISMISSED** with prejudice in its entirety pursuant to 28 U.S.C. § 1915(e), as the asserted claims are either precluded by plaintiff's earlier actions in this district and/or frivolous of their own right.

Signed: January 18, 2012

Max O. Cogburn Jr.
United States District Judge